| | |
|---|---|
| 1 | STEVENS & CARLBERG |
| 2 | HEATHER MCMILLAN, Cal. Bar. No. 188939<br>DANIEL P. STEVENS, Cal. Bar No. 164277 |
| 3 | RYAN H. FOX, Cal. Bar No. 242941<br>1855 West Katella, Suite 330 |
| 4 | Orange, California  92867<br>Telephone:  714-288-7300 |
| 5 | Facsimile:   714-288-0660<br>E-Mail:       heatherm@stevensandcarlberg.com |
| 6 | stevensandcarlberg@yahoo.com<br>ryanfox@stevensandcarlberg.com |
| 7 | Attorneys for Plaintiff |
| 8 | WOODIE FRANK GULLEY |
| 9 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership |
| 10 |   Including Professional Corporations<br>JEFFREY A. DINKIN, Cal. Bar No. 111422 |
| 11 | AARON W. HEISLER, Cal. Bar No. 232344<br>RUBEN D. ESCALANTE, Cal. Bar No. 244596 |
| 12 | 1111 Chapala Street, Third Floor<br>Santa Barbara, California  93101-3100 |
| 13 | Telephone:  805-879-1800<br>Facsimile:   805-879-1855 |
| 14 | Email:        jdinkin@sheppardmullin.com<br>                aheisler@sheppardmullin.com |
| 15 |                 rescalante@sheppardmullin.com |
| 16 | Attorneys for Defendants EXXON MOBIL<br>CORPORATION and STATION |
| 17 | OPERATORS INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WOODIE FRANK GULLEY,<br><br>            Plaintiff,<br><br>      v.<br><br>EXXON MOBIL CORPORATION and DOES 1 through 50, inclusive,,<br><br>            Defendant. | Case No. ED CV09-1051 SGL (OPx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>The Hon. Audrey B. Collins<br><br>[Complaint Filed:  April 22, 2009]<br>[Removal Date:    June 3, 2009]<br><br>Discovery Cutoff:  November 15, 2010<br>Motion Cutoff:      January 10, 2011<br>Trial Date:            April 5, 2011 |

-1-

GOOD CAUSE APPEARING THEREFORE, THE FOLLOWING PROTECTIVE ORDER IS HEREBY ISSUED, pursuant to Fed. R. Civ. P. 26(c) and the Parties' stipulation in the above-captioned matter.

A.  **DEFINITIONS**

1. As used herein, the term "Confidential Information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party contends would cause harm to the its business operations or interests, including, but not limited to: contracts, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee personnel information, sales records, inventory sheets, business or personnel policies or procedures, and business strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information referenced in Fed. R. Civ. P. 26(c)(1)(G).

2. As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, data compilations, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to: records; exhibits; reports; samples; transcripts; video or audio recordings; disks; affidavits; briefs; summaries; notes; abstracts; drawings; company records and reports; answers or responses to interrogatories, requests for admissions, or other written discovery or F. R. Civ. P. 26(a) disclosures; and motions, including physical or digital copies or computer-stored versions of any of the foregoing.

3. References herein to "information designated as 'CONFIDENTIAL'" shall include documents or any other thing designated as "CONFIDENTIAL".

B.  **DESIGNATION OF CONFIDENTIAL INFORMATION**

1. This Protective Order applies to all discovery responses, documents, testimony, and other materials containing Confidential Information disclosed in this action that are designated by a party or any non-party as "CONFIDENTIAL" in the manner described below, whether such disclosure is by order of the Court, by agreement, by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, response to a subpoena, or any other disclosure or discovery undertaken in this action.

2. Any party may protect information it believes constitutes Confidential Information by designating such information as "CONFIDENTIAL" prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation "CONFIDENTIAL" (or some notation essentially equivalent to the phrase "CONFIDENTIAL") on every page of each document or portion thereof so designated. In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Confidential Information contained therein. Each party will designate as "CONFIDENTIAL" only that information and those documents and things which he/she/it believes constitutes "Confidential Information" as defined here.

3. With respect to testimony given at deposition, conference, hearing, arbitration, trial or other proceeding, any party or non-party who believes that such testimony contains, reflects, or comments on Confidential Information may protect such testimony by making a statement on the record that designates such testimony as "CONFIDENTIAL."

      a.    If at trial or hearing before a court reporter, the court reporter shall be advised of this Protective Order by the Court upon the request of the Party or non-party who seeks to invoke its protection.

      b.    In any other proceeding, the court reporter, deposition officer, and/or videotape operator shall be informed of this Protective Order by the party or non-party seeking to invoke its protection, and shall be bound by its terms.

      c.    The portion(s) of any transcript, including exhibits thereto, that reflects information designated as "CONFIDENTIAL" shall be bound in a separate transcript (and recorded on a separate videotape, if the proceeding is videotaped). The cover of any such separate transcript or videotape shall contain the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT ORDER." Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this Protective Order from being disclosed to any person, except as provided in this Protective Order.

4.    The parties shall use reasonable care to avoid designating any materials as "CONFIDENTIAL" that are (a) not entitled to such designation, or (b) are generally available to the public.

## C. DISCLOSURE AND USE OF DESIGNATED CONFIDENTIAL INFORMATION

1.    Except as set forth in this Protective Order, information designated as "CONFIDENTIAL" pursuant to this Protective Order shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or dissemination to the

-4-

1  media. Nothing in this Protective Order shall prohibit any party's or non-party's use
2  of information in his/her/its possession, custody or control that he/she/it has
3  designated as "CONFIDENTIAL" for any purpose related or unrelated to this
4  litigation.
5      2.   Information designated as "CONFIDENTIAL" pursuant to this
6  Protective Order shall not be disclosed to anyone other than those persons permitted
7  by this Protective Order, or as may be later ordered by the Court or agreed to in
8  writing by the producing party. The parties, counsel for the parties, and all persons
9  to whom Confidential Information is disclosed under the terms of this Protective
10 Order shall maintain all information designated as "CONFIDENTIAL" in
11 confidence and shall not disclose such information, directly or indirectly, to any
12 person except as provided in this Protective Order.
13     3.   Except with the prior written consent of the other parties, or upon prior
14 order of this Court obtained upon notice to opposing counsel, information
15 designated as "CONFIDENTIAL", including summaries, notations, or analyses
16 thereof, shall not be disclosed to any person other than:
17     a.   The parties;
18     b.   Respective outside counsel of record for the parties and their
19          support personnel (e.g., legal assistants and copy services);
20     c.   Current employees of the parties to whom disclosure of the
21          information so designated is reasonably necessary for the
22          prosecution or defense of this litigation;
23     d.   The Court, court personnel, and the jury of any court having
24          jurisdiction over any proceedings involved in this litigation;
25     e.   Court reporters, videographers, and their staffs to whom
26          disclosure is reasonably necessary for the purposes of this
27          litigation;
28

|   |   |   |
|---|---|---|
| 1 | f. | Consultants and experts, provided that each such person shall first complete and execute a copy of the Declaration Confirming Compliance With Stipulated Protective Order Re Confidential Information ("Compliance Declaration") attached as Exhibit A, which shall be maintained by counsel who retained such consultant or expert; |
| 7 | g. | A non-party deponent at his/her/its deposition, provided that each such person shall first complete and execute a copy of the Compliance Declaration, which shall be maintained by counsel for the deponent; |
| 11 | h. | A non-party deponent at his/her/its deposition who refuses to execute a copy of the Compliance Declaration, provided that: (i) the party who designated the information as "CONFIDENTIAL" is represented at the deposition or has been given notice that Confidential Information produced by that party may be used, (ii) any portion of the deposition transcript including or referring to information designated as "CONFIDENTIAL" is itself designated as "CONFIDENTIAL" under the terms of this order, and (iii) the deponent shall not be allowed to retain copies of any information, documents, or exhibits designated as "CONFIDENTIAL"; and |
| 22 | i. | Witnesses and potential witnesses, other than persons described in paragraphs 5(g) or 5(h), provided that: (i) such persons first complete and execute a copy of the Compliance Declaration, a copy of which shall be forwarded, within five business days of the date of execution, to counsel for the party who designated the information as "CONFIDENTIAL", and (ii) the witness or |

potential witness shall not be allowed to retain copies of any information designated as "CONFIDENTIAL."

4. Whenever any party discloses the identity of an expert witness pursuant to Fed. R. Civ. P. 26(a)(2), counsel for that party shall provide to the other parties a copy of any Compliance Declaration executed by such expert witness. Where an expert witness executes a Compliance Declaration after his/her identity is disclosed pursuant to Rule 26(a)(2), counsel for the disclosing party shall promptly provide a copy of that Compliance Declaration to the other parties.

5. Except as provided herein, executed Compliance Declarations shall otherwise be made available for inspection during the pendency of this litigation, or after, only upon order of the Court based upon a showing of good cause.

D. **DEPOSITIONS**

1. If information designated as "CONFIDENTIAL" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information during that portion of the deposition in which the information so designated is actually discussed or disclosed. If information designated as "CONFIDENTIAL" is to be discussed or disclosed at a hearing or at trial, the parties may request that the Court exclude from the courtroom any person who is not entitled to receive such information during that portion of the hearing or trial in which the information so designated is actually discussed or disclosed.

E. **CHALLENGING A DESIGNATION**

1. The parties agree that they will actively work in good faith to avoid the unnecessary designation of information produced in discovery in this action as "CONFIDENTIAL."

2. If any party receiving information designated as "CONFIDENTIAL" contends that any information so designated is not entitled to protection as Confidential Information under the terms of this order, such party may at any time give written notice to the party or non-party who designated the material as "CONFIDENTIAL", setting forth a good faith explanation for that position. The parties shall then confer in a good faith effort to resolve the dispute pursuant to Local Rule 37-1. Should the parties be unable to resolve the dispute, the party who designated the material shall then have twenty-five (25) calendar days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential Information pursuant to the terms of this Order, pursuant to the procedure of Local Rule 37-2. The party seeking the order has the burden of establishing that the material is entitled to protection.

F. **INADVERTENT FAILURE TO DESIGNATE**

1. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as "CONFIDENTIAL" within thirty (30) days after such disclosure, or after notice of such disclosure, or after execution by the party of this Protective Order, whichever is later.

2. In the event that Confidential Information is designated as "CONFIDENTIAL" after disclosure but within the thirty (30) day period allowed under Paragraph F.1, *supra*, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

3. Should any document or information designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person not authorized to receive such materials under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and the

1  disclosing party shall (a) promptly inform such person of all the provisions of this
2  Protective Order, (b) identify the name, address, telephone number, employer, and
3  title or position of such person immediately to the party that designated the
4  information as "CONFIDENTIAL," and (c) request such person complete and
5  execute a Compliance Declaration.  The executed Compliance Declaration shall
6  then promptly be served upon the party that so designated the document or
7  information.

9  G.   **CUSTODY AND DISPOSITION OF CONFIDENTIAL**
10       **INFORMATION**
11       1.   Information designated as "CONFIDENTIAL" pursuant to this
12  Protective Order shall be maintained in the custody of counsel for the parties, except
13  for information in the custody of: (a) the Court; (b) any court reporter transcribing
14  testimony given in this action, for the limited purpose of rendering his or her normal
15  transcribing services; and (c) persons to whom the information so designated may be
16  disclosed pursuant to the terms of the Protective Order, including consultants and
17  experts, to the extent necessary for their involvement in the litigation.  Except for
18  the Court, a person with custody of information designated as "CONFIDENTIAL"
19  shall maintain it in a manner that limits access only those persons entitled under this
20  Protective Order to examine it.
21       2.   Unless agreed otherwise in writing, at the conclusion of this litigation,
22  whether by settlement or final decision of the Court of last resort, the parties,
23  counsel for the parties, and all persons who executed the Compliance Declaration
24  agree that they will destroy or return to the producing party all copies of any
25  documents, other than attorney work product, containing information designated as
26  "CONFIDENTIAL" produced by a party.  Notwithstanding the foregoing, counsel
27  of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial
28  materials, depositions and deposition exhibits, and document databases.  Such file

copies must be maintained under the conditions of maintaining "CONFIDENTIAL" information as set forth in this Protective Order.

## H. MISCELLANEOUS PROVISIONS

1. The provisions of this Protective Order shall apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand.

2. A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by the parties. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the producing parties stipulate that information designated as "CONFIDENTIAL" may be disclosed.

3. By entering into this Protective Order, no party waives any objections it might have to the production of documents or information covered by this Protective Order.

4. No party to this action, by entering into this Protective Order, by designating certain information as "CONFIDENTIAL," or by acquiescing in any other party's similar designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or confidential research, development, or commercial information.

5. The Court retains jurisdiction after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties, and any producing party, reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or

1 use of information designated as "CONFIDENTIAL" during the course of this
2 action.
3
4 I.     **FILING OR LODGING UNDER SEAL**
5     1.     If any document or thing designated as "CONFIDENTIAL" is included
6 in any paper to be filed or lodged with the Court or submitted to an arbitrator or
7 mediator, the party submitting such document or thing shall comply with Local Rule
8 79-5.1 regarding the filing or lodging of documents under seal. Should the filing or
9 lodging party fail to do so, the party or non-party who designated the information as
10 "CONFIDENTIAL" may file a motion or ex parte application to place any such
11 designated information under seal.
12
13 **IT IS SO ORDERED.**
14
15 Dated:    7/23/10
16                                       Hon. Oswald Parada
17                                       United States Magistrate Judge
18 Submitted by:
19
20 Dated: July 13, 2010
21                         STEVENS & CARLBERG
22
23               By    Ryan Fox
24                         Daniel P. Stevens
25                         Heather McMillan
                        Ryan H. Fox
26                         Attorneys for Plaintiff
27                         WOODIE FRANK GULLEY
28

-11-

W02-WEST:4AWH1\402772609.1                                        [PROPOSED] PROTECTIVE ORDER RE
                                                                          CONFIDENTIAL INFORMATION

# DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

I, _____, hereby declare:

1. My address is _____. My telephone number is (_____) _____-_____.

2. I have read, understand and agree to be bound by the terms of the Stipulated Protective Order Re Confidential Information ("Protective Order"), entered in the case of <u>Woodie Frank Gulley v. Exxon Mobil Corporation</u>, Case No. ED CV 09-01051-SGL (OPx) in the United States District Court, Central District of California, Eastern Division.

3. I understand that the Protective Order requires that I not disclose any information designated in that case as "CONFIDENTIAL" to any person not authorized by the Protective Order to receive such information.

4. I agree that I shall return or destroy all documents containing, discussing, or referring to any information designated as "CONFIDENTIAL" upon demand by the Court or the counsel or party who furnished such information to me.

5. I consent to the jurisdiction of the United States District Court for the Central District of California, Eastern Division with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on _____, 20___ at _____ (city), _____ (state).

_____
Signature